UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : No. 2:22-cr-00339-4 |
| | : |
| DOGUKAN YILMAZ | : |

**O P I N I O N**
**Government's Motion to Admit Audio and Video Recordings, ECF No. 34 – Granted**

**Joseph F. Leeson, Jr.**                                                                                                   September 21, 2023
**United States District Judge**

## I.    INTRODUCTION

Defendant Dogukan Yilmaz is charged with conspiracy to defraud the United States. The Government has filed a motion asking this Court to determine that all the factors outlined in *Starks*[1] are satisfied and that the audio and video recordings, and transcripts thereof, it intends to introduce at trial are admissible. For the reasons set forth herein, this Court grants the Government's Motion to Admit Audio and Video Recordings.

## II.   BACKGROUND

On September 27, 2022, Yilmaz was indicted by a grand jury with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. *See* Indict., ECF No. 1. Trial is scheduled to begin on October 30, 2023.

The Government has filed a Motion to admit audio and video recordings of a September 2019 in-person meeting between Yilmaz, various co-conspirators, and an undercover law

---

[1]    *United States v. Starks*, 515 F.2d 112, 121 n.11 (3d Cir. 1975).

enforcement agent. *See* Mot., ECF No. 34. The Government avers that: (1) the recording devices were capable of accurately recording the conversations; (2) the operator of the devices was competent; (3) the recordings are authentic and correct; (4) there have been no changes in, additions to, or deletions from the recordings; (5) the recordings had been properly preserved; (6) the speakers on the recordings are properly identified; (7) the consenting party to the recording freely and voluntarily consented to the tape recording of the conversations;[2] and (8) the transcripts of the recordings accurately identify the speakers and parties recorded. *Id.* The Government also represents that the undercover agent who recorded the conversations is available to testify as a witness and will attest at trial that the recordings are accurate representations of the conversations he took part in. *Id.* Yilmaz did not respond to the Motion.

### III.  STANDARD OF REVIEW

**United States v. Starks, 515 F.2d 12 (3d Cir. 1975) – Review of Applicable Law**

In *Starks,* the Third Circuit Court of Appeals held that the burden is on the government to produce clear and convincing evidence of authenticity and accuracy as a foundation to admit audio recordings. *See Starks*, 515 F.2d at 121. The court considered the following factors:

(1) That the recording device was capable of taking the conversation now offered in evidence.

(2) That the operator of the device was competent to operate the device.

(3) That the recording is authentic and correct.

(4) That changes, additions or deletions have not been made in the recording.

(5) That the recording had been preserved in a manner that is shown to the court.

(6) That the speakers are identified.

---

[2]   Court approval is not needed for a person acting under color of law to intercept a wire or oral communication when one party to the communication has given prior consent. *See* 18 U.S.C. 2511(2)(c).

> (7) That the conversation elicited was made voluntarily and in good faith, without any kind of inducement.

*Id.* at 121 n.11 (internal quotations omitted). "When a colorable attack is made as to a tape's authenticity and accuracy, the burden on those issues shifts to the party offering the tape." *Id.* at 122 (holding that "the presumption of regularity which attaches to the handling of evidence within the control of public officials . . . does not serve as a substitute for evidence when authenticity is challenged on not insubstantial grounds"). However, in the absence of a "colorable attack," the Government need not make such an evidentiary showing. *See United States v. Harris*, No. 3:10-cr-40, 2013 U.S. Dist. LEXIS 61069, at *12-13 (W.D. Pa. Apr. 29, 2013). *See also United States v. Rawlins*, 606 F.3d 73, 85 (3d Cir. 2010) (applying a presumption of regularity to evidence in the control of law enforcement).

Arguably, *Starks* was abrogated a few months later when Rule 901 of the Federal Rules of Evidence, which requires a lesser standard of authentication, went into effect. *See United States v. Toler*, 444 F. App'x 561, 564 n.1 (3d Cir. 2011) (finding no need to decide whether *Starks* was abrogated by Rule 901 because the government had met the higher clear and convincing standard). Regardless, because *Starks* addresses the authenticity and accuracy of recordings, while Rule 901 governs authenticating and identifying recordings, it is undisputed that the standard for identifying recordings is solely controlled by Rule 901. *See United States v. Tubbs*, No. 89-498, 1990 U.S. Dist. LEXIS 2761, at *7-8 (E.D. Pa. Mar. 12, 1990).

Rule 901 provides, in general, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Ev. 901(a). As to voice identification, the Rule allows any person to identify a "voice—whether heard firsthand or

through mechanical or electronic transmission or recording—based on hearing the voice at any time under circumstances that connect it with the alleged speaker." Fed. R. Ev. 901(a)(5); *United States v. Stillis*, Nos. 04-680-03, 04-680-04, 04-680-05, 04-680-06, 04-680-07, 2006 U.S. Dist. LEXIS 41949, at *6 (E.D. Pa. June 22, 2006). The burden of proof applicable to identifying a speaker on a recording "is relatively minimal." *See United States v. Savage*, No. 07-550-03, 2013 U.S. Dist. LEXIS 14327, at *15 (E.D. Pa. Feb. 1, 2013). The Government "need only produce evidence sufficient to convince a reasonable jury by a preponderance of the evidence that defendant is the speaker in order to permit the jury to hear the tape recording." *See Tubbs*, 1990 U.S. Dist. LEXIS 2761, at *7. *See also Stillis*, 2006 U.S. Dist. LEXIS 41949, at *6 (distinguishing between proof by a preponderance of the evidence and, the less burdensome requirement, of evidence sufficient to convince a reasonable jury by a preponderance of the evidence).

**IV.    DISCUSSION**

Yilmaz does not challenge the authenticity or accuracy of any intercepted conversation. Further, Yilmaz has not asserted that any speaker has not been properly identified. Consequently, in the absence of a "colorable attack" (or any attack), the burden has not shifted to the Government to make an evidentiary showing under *Starks*. *See Starks*, 515 F.2d at 122; *Harris*, 2013 U.S. Dist. LEXIS 61069, at *12-13; *United States v. Davis*, No. 04-36J, 2006 U.S. Dist. LEXIS 72425, at *7-8 (W.D. Pa. Oct. 4, 2006) (holding that a defendant's challenge to a recording, which is merely a general request for testing the authenticity of the recording, does not present a "colorable attack," and denying the defendant's motion to test the audio tapes).

Nevertheless, the Government represents that the undercover agent who recorded the conversations is available to testify as a witness and will attest at trial that the recordings are

accurate representations of the conversations he took part in.  This testimony will likely be sufficient to meet the "slight" evidentiary burden under Rule 901.  *See* Fed. R. Evid. 901(b)(1) (testimony by a "witness with knowledge . . . that an item is what it is claimed to be" satisfies the evidentiary requirement for authentication); *United States v. Bereznak*, 860 Fed. Appx. 805, 808 (3d Cir. 2021) ("This burden [under Rule 901(a)] is 'slight' and does not 'require conclusive proof of a document's authenticity, but merely a prima facie showing of some competent evidence to support authentication.'" (quoting *United States v. Turner*, 718 F.3d 226, 232 (3d Cir. 2013))).

## V.   CONCLUSION

In the absence of any colorable attack to any *Starks* factor, this Court grants the Government's Motion to Admit Audio and Video Recordings.  A separate Order follows.  The Order is entered without prejudice to any objection or argument that defense counsel may make at trial as to the weight or admissibility of the recordings that does not rely upon *Starks* or cases interpreting *Starks*.  *See United States v. Credico*, 2015 U.S. Dist. LEXIS 178415, at *6-8 (E.D. Pa. Aug. 14, 2015)

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge